150 LA.—33

(91 South. 441)

No. 24627.

Succession of MACON.

(April 3, 1922.)

(Syllabus by the Court.)

Bailment ☞21—Depository exonerated by return to depositor after notice to third person and failure by him to assert claim.

The depositary cannot require the depositor to prove his title to the thing deposited. If he believes that the thing deposited belongs to another, he must notify the latter; and, if the one so notified fails to take the proper steps to assert his claim, the depositary is fully exonerated when he returns the thing to the person from whom he received it.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Proceeding on the succession of Thos. L. Macon, in which Mrs. Grace Dannell Rembert took a rule on the Canal-Commercial Trust & Savings Bank for the delivery to her of certain stock. From a judgment in favor of the plaintiff in rule, the defendant in rule appeals. Affirmed.

Buck, Walshe & Buck, of New Orleans, for Canal-Commercial Trust & Savings Bank.

Bernard Titche, of New Orleans, for Mrs. Grace Dannell Rembert.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J. By the will of the deceased the naked ownership of certain negotiable bonds was left share and share alike to a son and daughter, and the usufruct thereof to his widow for life. By consent the bonds were deposited with a banker, the interest thereof to be paid to the widow during her life, and the bonds to be turned over to the son and daughter at her death.

During the life of the widow the son was divorced by his own wife; and thereupon the son transferred and assigned in due form to his divorced wife all his title and interest

in and to the bonds so deposited, in part reimbursement of an indebtedness by him to his divorced wife aforesaid.

Of this transfer and assignment due notice was given to the depositary, who accepted the same, and advised the wife that upon the death of the widow the share of the son would be turned over to her, in accordance with the assignment aforesaid.

When the widow died, the son's wife called for her securities; but the depositary, with the customary and laudable caution of a prudent banker, insisted that some notice of her claim should be brought home to the divorced husband, who was then out of the state.

Whereupon the wife took a rule upon the depositary to have the stock turned over; and knowledge thereof was in some way brought home to the husband. The latter wired the court that he would look after his own interest, and wired the depositary that he had assigned the bonds to some third person; but neither he nor the alleged assignee have ever appeared to defend his alleged interest in the bonds, although they had ample time to do so; and so the rule was made absolute.

It is manifest that, after notice of the assignment and acceptance thereof by the banker, the latter then held the bonds as a deposit for account of the wife. And accordingly article 2950 of the Civil Code is directly in point and operates to protect the depositary. It reads as follows:

C. C. 2950. "He [the depositary] cannot require him who made the deposit to prove that he was the owner of the thing. Yet if he discovers that the thing was stolen and who the owner of it is, he must give him notice of the deposit, requiring him to claim within due time. If the owner, having received due notice, neglects to claim the deposit, the depositary is fully exonerated on returning it to the person from whom he received it."

See, also, C. C. art. 2934.

This is statutory in this state, but it is, after all, only common sense and simple justice.

Decree.

The judgment appealed from is therefore affirmed.